IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-64-MHT |
| | ) | |
| DEANDRE TWAIN LEWIS | ) | |

### ORDER ON ARRAIGNMENT

On March 16, 2006, the defendant, DEANDRE TWAIN LEWIS, appeared in person and in open court with counsel and was arraigned in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.** The defendant entered a plea of NOT GUILTY. Counsel for the defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the pretrial conference and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.** The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants. However, in difficult or complex cases defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative only and is not binding on the United States Probation Office, the parties or the court. The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests a matter of routine. A request for Sentencing Guideline calculation assistance shall be made to the United States Probation Office not later than **10 days** from the date of this order.

**PRETRIAL CONFERENCE.** An initial pretrial conference is hereby set for **10:00 a.m. on May 12, 2006,** District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. **Not later than three (3) days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this order.** Counsel who want in-custody defendants to attend must notify the Magistrate Judge within three days of the conference date so that an order to produce can be issued to the United States Marshal.

At the pretrial conference defense counsel and counsel for the government shall be fully prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of the trial. The defense counsel and counsel for the government shall be fully prepared to provide a definite commitment as to the final disposition of this case - by trial, plea or other non-trial disposition. If resolution of a dispositive motion will affect the nature of this commitment, counsel must be fully prepared to discuss this type of resolution. If the case is for plea, the notice of intent to enter a plea should be filed at the time of the pretrial conference. If counsel require additional time for plea negotiations, counsel should be prepared to inform the court about the date when those negotiations will be completed.

**TRIAL.** At arraignment, the parties agreed that due to the nature of this case, the need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the case should be set for trial before **District Judge Myron H. Thompson on the trial term beginning on August 7, 2006, unless otherwise ordered by the court.**

In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70-days period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). Based on the nature of this case, the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the court finds that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial. Any requested voir dire questions and jury instructions must be filed no later than **one week before jury selection**.

**PRETRIAL MOTIONS.** All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to this court's standing order on discovery must be filed no later than **May 3, 2006.** No motion filed after this date will be considered unless filed with leave of court. Unless otherwise ordered by the court, the continuance of the trial of a case will not extend the time for filing pretrial motions. **THE CONFERENCING REQUIREMENT SET FORTH IN**

**THE STANDING ORDER ON CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL NOT GRANT MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented.". Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.** See generally United States v. Richardson, 764 F.2d 1514,1526-27 (11th Cir. 1985).

The government shall file a response to **all** motions filed by the defendant **on or before five days prior to the date set for a hearing** on the motion or, **if no hearing is necessary, on or before ten (10) days after the date of the pretrial conference.**

**DISCOVERY.** All discovery in this action shall be conducted according to the requirements of this court's Standing Order on Criminal Discovery. A copy of the standing order is attached and also may be found at http://www.almd.uscourts.gov/. The government shall provided initial disclosures to defendant on or before March 16, 2006. Disclosures by the defendant, as required by ¶ 4 of the Standing Order on Criminal Discovery shall be provided on or before **March 30, 2006**.

**JENCKS ACT STATEMENTS.** The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[1]

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are ORDERED to appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

---

[1] In certain complex cases, the government may agree to earlier production.

**NOTE: Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within seven days of the date of this order. Failure to obtain fees from a client is not an extraordinary circumstance.**

Done this 17th day of March, 2006.


/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CR. MISC. #534

STANDING ORDER ON CRIMINAL DISCOVERY

It is the court's policy to rely on the standard discovery procedure as set forth in this Order as the sole means of the exchange of discovery in criminal cases except in extraordinary circumstances. This Order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, but at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions.

INITIAL DISCLOSURES:

(1) Disclosure by the Government. At arraignment, or on a date otherwise set by the court for good cause shown, the government shall tender to defendant the following:

(A) Fed. R. Crim. P. 16(a) Information. All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure.

(B) Brady Material. All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

(C) Giglio Material. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972).

(D) Testifying informant's convictions. A record of prior convictions of any alleged informant who will testify for the government at trial.

(E) Defendant's identification. If a line-up, show-up, photo spread or similar, procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures, and photographs, shall be disclosed.

(F) Inspection of vehicles, vessels, or aircraft. If any vehicle, vessel, or aircraft, was allegedly utilized in the commission of any offenses charged, the government shall permit the defendant's counsel and any expert selected by the defense to inspect it, if it is in the custody of any governmental authority.

(G) Defendant's latent prints. If latent fingerprints, or prints of any type, have been, identified by a government expert as those of the defendant, copies thereof shall be provided.

(H) Fed. R. Evid.404(b). The government shall advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence.

(I) Electronic Surveillance Information. If the defendant was an aggrieved person as defined in 18 U.S.C. § 2510(11), the government shall so advise the defendant and set forth the detailed circumstances thereof.

(2) Obligations of the Government.

(A) The government shall anticipate the need for, and arrange for the transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed. R. Crim. P. 26.2 and 18 U.S.C. 3500. Jencks Act materials and witnesses' statements shall be provided as required by Fed. R. CRIM. P. 26.2 and 18 U.S.C. ' 3500. However, the government, and where applicable, the defendant, are requested to make such materials and statements available to the other party sufficiently in advance as to avoid any delays or interruptions at trial. The court suggests an early disclosure of Jencks Act materials.

(B) The government shall advise all government agents and officers involved in the case to preserve all rough notes.

(C) The identification and production of all discoverable evidence or information is the personal responsibility of the Assistant United States Attorney assigned to the case and may not be delegated without the express permission of the court.

(3) Disclosures to U.S. Probation. At arraignment, or on a date otherwise designated by the court upon good cause shown, the government shall tender to the U.S. Probation Office all essential information needed by U.S. Probation to accurately calculate the sentencing guideline range for the defendant, including, but not limited to, information regarding the nature of the offense (offense level), the nature of the victim and the injury sustained by the victim, defendant's role in the offense, whether defendant obstructed justice in the commission of the crime, defendant's criminal history, and any information regarding defendant's status as a career offender/armed career criminal. In addition, in order to comply with the requirements of the Anti-Terrorism Act, the government shall produce to the U.S. Probation Office information regarding the victims of defendant's alleged criminal activity, including, but not limited to, the identity of the victim by name, address, and phone number, and the nature and extent of the victim's loss or injury.

(4) Disclosures by the Defendant. If defendant accepts or requests disclosure of discoverable

information pursuant to Fed. R. CRIM. P. 16(a)(1)(C), (D), or (E), defendant, on or before a date set by the court, shall provide to the government all discoverable information within the scope of Fed. R. Crim. P. 16(b).

SUPPLEMENTATION. The provisions of Fed. R. CRIM. P. 16(c) are applicable. It shall be the duty of counsel for all parties to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of this Rule, and there is a continuing duty upon each attorney to disclose expeditiously.

MOTIONS FOR DISCOVERY. No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order or a motion for an order modifying discovery. See Fed. R. CRIM. P. 16(d). Discovery requests made pursuant to Fed. R. CRIM. P. 16 and this Order require no action on the part of this court and shall not be filed with the court, unless the party making the request desires to preserve the discovery matter for appeal.

Done this 4th day of February, 1999.

/s/ W. Harold Albritton
CHIEF UNITED STATES DISTRICT JUDGE

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

/s/ Ira De Ment
UNITED STATES DISTRICT JUDGE