```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

UNITED STATES OF AMERICA      )
                              )
v.                            )        CR. NO. 2:06cr64-T
                              )
DEANDRA TWAIN LEWIS and       )
MARQUISE ANTOINE REYNOLDS     )

UNITED STATES OF AMERICA'S PROPOSED FORFEITURE INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney, and John T. Harmon, Assistant United States Attorney, and submits its Proposed Forfeiture Instructions for use in the forfeiture proceedings of the above-styled case.

The United States of America respectfully requests the Court, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, to include and use the following forfeiture instructions in charging the jury or, in the alternative, to use in substance the principles of law identified in the attached instructions in charging the jury.

Respectfully submitted this 28th day of July, 2006.

                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY


                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Bar Number: 7068-II58J
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile: (334) 223-7560


<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on July 28, 2006, I electronically filed the foregoing Proposed Forfeiture Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **A. Clark Morris**, **Amardo Wesley Pitters** and **Tony L. Axam**.


                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1

Members of the Jury:

Your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider and decide, namely, whether the defendant should forfeit certain property to the United States as a part of the penalty for the crime charged in Count 5 of the superseding indictment.

In a portion of the superseding indictment not previously discussed or disclosed to you, it is alleged that certain property was involved in the offense as charged in Count 5; and, in view of your verdict finding the defendant guilty of that offense, you must also decide, under the law I will now explain to you, whether such property should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial plus the additional evidence, if any, that will be presented to you when I finish giving you these instructions.

The forfeiture allegation of the superseding indictment - a copy of which will be provided to you for your consideration during

your supplemental deliberations - describes in particular the property allegedly subject to forfeiture to the United States:

> **Thirty Thousand Two Hundred and Forty Dollars ($30,240.00) in United States Currency seized on March 8, 2006 from Deandra Twain Lewis.**

In order to be entitled to the forfeiture of this property, the United States must have proved by a preponderance of the evidence that this property was involved in the offense as charged in Count 5 of the superseding indictment.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true. Proof beyond a reasonable doubt as used earlier in your deliberations is **not** required and you should put that standard out of your mind.

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendant's guilt. However, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

_____

```
Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)

Federal Rule of Criminal Procedure 32.2 provides:

        (a)   Notice To The Defendant.  A court shall enter a judgment of
              forfeiture in a criminal proceeding unless the indictment or
              information contains a notice to the defendant that the government
              will seek the forfeiture of property as part of any sentence in
              accordance with the applicable statute.
```

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2

Title 21, United States Code, Section 841(a)(1), makes it a federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

I hereby instruct you that cocaine hydrochloride is a "controlled substance" within the meaning of the law.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without financial interest in the transaction.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)


Granted      _____

Modified     _____

Denied       _____

Withdrawn    _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

The Forfeiture Allegation lists the property which the United States contends was involved in or was traceable to property involved in the possession with intent to distribute violation. The Special Verdict Form regarding forfeiture states the property which the superseding indictment alleges is such property regarding that Count.

_____

Granted      _____

Modified     _____

Denied       _____

Withdrawn    _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6

You must reach a unanimous verdict as to each question on the Special Verdict Form.

_____

Title 19, United States Code, Section 1615; U.S. v. $41,305 In Currency, 802 F.2d 1339, 1343 (11th Cir. 1986); U.S. v. One 1975 Ford F-100 Pickup Truck, 558 F.2d 755, 756 (5th Cir. 1977).

U.S. v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895, 904 (11th Cir. 1985).

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

```
UNITED STATES OF AMERICA        )
                                )
v.                              )     CR. NO. 2:06cr64-T
                                )
DEANDRA TWAIN LEWIS and         )
MARQUISE ANTOINE REYNOLDS       )
```

<u>UNITED STATES OF AMERICA'S PROPOSED SPECIAL VERDICT FORM</u>

We, the Jury, unanimously find by a preponderance of the evidence that Thirty Thousand Two Hundred and Forty Dollars ($30,240.00) in United States Currency was involved in the defendant's violation of Count 5 as stated in the superseding indictment.

**YES** _____

**NO**  _____

So, Say We All, this \_\_\_\_ day of _____, 2006.

_____
                                                    FOREPERSON

1