IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
v.                             ) CR. NO. 2:06-cr-64-MHT
                               )
DEANDRA TWAIN LEWIS,           )
                               )
    Defendant.                 )
_____)

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTIONS**

COMES NOW, Defendant Deandra Lewis, by and through undersigned counsel, and submits his proposed jury instructions.

Defendant respectfully requests that the following instructions or, in the alternative, that the substance of the identified law in the proceedings instructions be included when charging the jury in the criminal trial of the above referenced matter.

This 31st day of July 2006.

Respectfully submitted,

AXAM & ADAMS, P.A.


Tony L. Axam/S/
Tony L. Axam

<u>**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 1**</u>
<u>**INTRODUCTION TO OFFENSE INSTRUCTIONS**</u>

At this time I will explain the indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendants knowingly and willfully conspired together to possess with the intent to distribute a controlled substance, which in this case, is a substance containing cocaine.

First, however, as to Count 1, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Basic Instruction #8

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 2**
**KNOWINGLY; WILLFULLY**

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.


Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Basic Instruction #9.1

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 3**
**DUTY TO FOLLOW INSTRUCTIONS; PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Basic Instruction #2.2

## <u>DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 4</u>
## <u>DEFINITION OF REASONABLE DOUBT</u>

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.


Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Basic Instruction #3

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 5
CONSIDERATION OF THE EVIDENCE; DIRECT AND CIRCUMSTANTIAL;
ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Basic Instruction #4.2

6

### DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 6
### CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Basic Instruction #5

## DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 7
### IMPEACHMENT; INCONSISTENT STATEMENT AND FELONY CONVICTION

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

8

Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Basic Instruction #6.6

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 8**
**EXPERT WITNESSES**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Basic Instruction #7

## DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 9
### PUNISHMENT

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  Also, the case of each Defendant should be considered separately and individually.  The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty.  Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Basic Instruction #10.4

## DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 10
## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Basic Instruction #11

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 11**
**VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Basic Instruction #12

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 12**
**ACCOMPLICE; INFORMER; IMMUNITY**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Special Instruction #1.1

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 13**
**ACCOMPLICE; CO-DEFENDANT; PLEA AGREEMENT**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Special Instruction #1.2

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 14**
**CONFESSION; STATEMENT**

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care. It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Special Instruction #2.2

## DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 15
## SIMILAR ACTS EVIDENCE

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment.


Eleventh Circuit Pattern Jury Instruction, Criminal, 2003. Special Instruction #4

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 16**
**POSSESSION**

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole.  If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
Special Instruction #6

## DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 17
## AIDING AND ABETTING

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable

doubt that the Defendant was a willful participant and not

merely a knowing spectator.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Special Instruction #7

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 18**
**CONTROLLED SUBSTANCES; POSSESSION WITH INTENT TO DISTRIBUTE**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine Hydrochloride is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly and willfully possessed Cocaine Hydrochloride as charged;

Second:     That the Defendant possessed the substance with the intent to distribute it; and

Third:      That the weight of the Cocaine Hydrochloride possessed by the Defendant was in excess of 500 grams as charged.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The Defendants are charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance.  However, you may find the Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged.  Thus the verdict form

prepared with respect to the Defendant, as I will explain in a

moment, will require, if you find the Defendant guilty, to

specify on the verdict your unanimous finding concerning the

weight of the controlled substance attributable to the

Defendant.

      Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
      Offense Instruction #85

### DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 19
### CONTROLLED SUBSTANCES; CONSPIRACY

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1).  Section 841(a)(1) makes it a crime for anyone to knowingly possess Cocaine Hydrochloride with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement.  Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:    That two or more persons in some way or manner,
          came to a mutual understanding to try to
          accomplish a common and unlawful plan, as charged
          in the indictment;

Second:     That the Defendant, knowing the unlawful purpose
            of the plan, willfully joined in it; and

Third:      That the object of the unlawful plan was to
            possess with intent to distribute more than
            500 grams of Cocaine Hydrochloride, as charged.

A person may become a member of a conspiracy without full
knowledge of all of the details of the unlawful scheme or the
names and identities of all of the other alleged conspirators.
So, if a Defendant has a general understanding of the unlawful
purpose of the plan and knowingly and willfully joins in that
plan on one occasion, that is sufficient to convict that
Defendant for conspiracy even though the Defendant did not
participate before and even though the Defendant played only a
minor part.

Of course, mere presence at the scene of a transaction or
event, or the mere fact that certain persons may have associated
with each other, and may have assembled together and discussed
common aims and interests, does not, standing alone, establish
proof of a conspiracy.  Also, a person who has no knowledge of a
conspiracy, but who happens to act in a way which advances some
purpose of one, does not thereby become a conspirator.

The Defendant are charged in the indictment with conspiracy
to possess with intent to distribute a certain quantity or
weight of the alleged controlled substance. However, you may
find the Defendant guilty of the offense if the quantity of the

controlled substance for which he should be held responsible is
less than the amount or weight charged.  Thus the verdict form
prepared with respect to each Defendant, as I will explain in a
moment, will require, if you find any Defendant guilty, to
specify on the verdict your unanimous finding concerning the
weight of the controlled substance attributable to the
Defendant.

> Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
> Offense Instruction # 87

**DEFENDANT DEANDRA LEWIS' PROPOSED JURY INSTRUCTION NO. 20
CARRYING/POSSESSING A FIREARM DURING OR IN FURTHERANCE OF DRUG
TRAFFICKING OFFENSE OR CRIME OF VIOLENCE**

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to or to possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of that offense as charged in Count 1 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant committed the drug trafficking offense charged in Count 1 of the indictment;

Second:     That during the commission of that offense the Defendant knowingly carried or possessed a firearm, as charged; and

Third:      That the Defendant carried the firearm "in relation to" or possessed the firearm "in furtherance of" the drug trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the Defendant either had a firearm on or around his person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the drug trafficking offense; and to carry a

firearm "in relation to" an offense means that there must be a connection between the Defendant, the firearm, and the drug trafficking offense so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug trafficking offense.  It is charged, in other words, that the Defendant violated the law as charged in Count 4 in two separate ways.  It is not necessary, however, for the Government to prove that the Defendant violated the law in both of those ways.  It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in either way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.

    Eleventh Circuit Pattern Jury Instruction, Criminal, 2003.
    Offense Instruction #35.2

## CERTIFICATE OF SERVICE

This is to certify that I have on this 31st day of July 2006 served the Government in the above styled case with a copy of the foregoing Defendant Deandra Lewis' Proposed Jury Instructions via ECF/pacer and by depositing a copy of the same in the United States Mail with sufficient postage affixed thereto and properly addressed to ensure delivery to the following:

A. Clark Morris
Assistant United States Attorney
P. O. Drawer 197
Montgomery, Alabama 36101-0197


Tony L. Axam/S/
Tony L. Axam