IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
    )
v.    ) CR. NO. 2:06-cr-64-MHT
    )
DEANDRA TWAIN LEWIS,    )
    )
    Defendant.    )
_____)

**DEFENDANT DEANDRA TWAIN LEWIS' OBJECTIONS TO THE RECOMMENDATION
OF THE MAGISTRATE JUDGE**

COMES NOW, Defendant Deandra Lewis, by and through undersigned counsel, and submits his Objections to the Recommendation of the Magistrate Judge and in support thereof, shows the Court the following:

I.    **THE INFORMATION RELIED ON IN THE MAGISTRATE'S
RECOMMENDATION IS IRRELEVANT TO THE VALIDITY OF THE WARRANT**

In denying Defendant's Motion to Suppress, the Magistrate reasoned that probable cause existed, that the affidavit in support of the search warrant did not rest alone on the stale information from confidential informants and the unreliable anonymous caller; that Detective Haynes' averments were truthful and that Defendant failed to show any falsity in the affidavit.

The court pretermitted inquiry into Defendant's Franks challenge and Defendant's averment that officers' warrantless entry into the Balfour Drive residence with Defendant's seized key was impermissible and warrants suppression.

1

The Court noted three (3) factual findings which it contends "necessarily guide the legal analysis of the suppression issues asserted" by Defendant.

> (1) Officers did not seize any evidence from the Balfour Drive residence pursuant to their warrantless entry; (2) Det. Hayes had completed his affidavit in support of a search warrant for the Balfour Drive residence prior to receiving notice of the warrantless entry inside the house by Det. Bartlett and other officers; (3) Det. Hayes' affidavit did not recite any "probable cause" facts arising from or relating to the warrantless entry inside the Balfour Drive house.[1]

Defendant shows that none of these three factual findings by the Court have any bearing on the validity of the search warrant because the warrant was based on stale information and misrepresentations made to the issuing magistrate.  The information on which the affidavit relies is insufficient to amount to probable cause to issue a search warrant.

> The Magistrate goes on to state that:

> The challenge by Lewis to officers' warrantless entry into his house with his key but without his consent warrants no discussion at all because of undisputed evidence that officers did not secure or seize from this entry any evidence at all. All the evidence in controversy on Counts 5 and 6 was seized pursuant to the search warrant, and its supporting affidavit did not rely at all, or even reference, any information gained from the warrantless entry.

> However, Defendant asserts that legal analysis into the use of Defendant's key is warranted and posits that the officer's

---

[1] Recommendation of Magistrate Judge (RMJ) at 4.

testimony and the Government's argument that the search warrant was valid and based on probable cause independent from the illegal search of Defendant's house is disingenuous.

The officers' contention that they entered the residence to secure it and to prevent the destruction of evidence was particularly disingenuous.  Officer Bartlett testified that he did not observe any activity at the residence prior to Defendant Lewis' arrival.  Officer Bartlett observed only two (2) people enter the residence and saw the same two (2) people exit the residence and leave in the vehicle.  Even if there was reason to believe that someone else was in the residence, there was no reason to believe that that person would have known about the arrest or police surveillance and, thus, would have no reason to destroy any evidence.  Therefore, the Government can point to no exigent circumstances supporting an exception to the warrant requirement as discussed below.  Defendant Lewis was stopped and arrested some two (2) miles from the residence and did not use his phone or make any calls subsequent to his detention and arrest.[2]

Even assuming *arguendo* that officers had reason to believe that someone else was in the residence, that suspicion was easily discarded when officers illegally used Defendant's key

---

[2] Motion To Suppress Transcript (MTS) at 20 – 21.

without his permission to enter the residence and the alarm was triggered.[3]  Officer Bartlett testified as follows:

    Q.   Do you say at that point house is secure, alarm is on, because you're the one that's opening up the house, so you assume that there's no other movement in the house?

    A.   Correct.

    Q.   You make that assumption?

    A.   Correct.

    Q.   Then at that point, you could stand outside of the house, you could make sure that no one else gets into the house, so -- because you know that the house is secure at that point. There is no movement in the house at that point.

    A.   Correct.

Defendant asserts that officers would not have pursued a search warrant had they not conducted the illegal search, smelled marijuana and seen a plastic bag sticking out from a vent in the bedroom.  During the alleged protective sweep, officers did in fact search in closets and under beds.[4]  Also, Defendant shows that, during the Suppression Hearing, the Court questioned Detective Hayes as to why he thought there was probable cause to believe that there were illegal drugs in the Balfour Drive residence.  The testimony was as follows:

---

[3] MTS at 34; 107.
[4] MTS at 23.

Court:      …What made you say I assume or I believe that
            when he left that house, he was in possession of
            cocaine?

Witness:    I may have answered her question incorrectly.
            But my point was I didn't make that assumption
            till after we found the cocaine at the house.[5]

Notwithstanding this argument, and assuming *arguendo* that
the warrant was issued without the benefit of evidence observed
during this "protective search" of the residence, Defendant
reasserts that, the search warrant was invalid based on lack of
probable cause, staleness and misrepresentations and omissions
in the affidavit and presentations to the issuing magistrate and
asserts that the legal analysis relied on in the Magistrate's
Recommendation is erroneous.

## II.    INSUFFICIENT FINDING OF PROBABLE CAUSE

Despite the officers' belief that illegal drugs were
located at the Balfour Drive residence, there was no
justification for a warrantless search of that location.
"Belief, however well founded, that an article sought is
concealed in a dwelling house furnishes no justification for a
search of that place without a warrant.  And such searches are
held unlawful notwithstanding facts unquestionably showing
probable cause."  Agnello v. United States, 269 U.S. 20 (1925)

---

[5] MTS at 121.

At the Suppression hearing, Officer Bartlett cited the following facts supporting the reasons why he believed that the Balfour Drive residence had illegal drugs in it: 1) that Defendant left the residence with cocaine (based on finding cocaine in vehicle); 2) the anonymous tip which was ten (10) months old and 3) that during the search of the Iris Lane residence nine (9) months earlier, officers had reason to believe that evidence of drug activity was being destroyed.[6]

The Magistrate acknowledged that:

> In the affidavit subscribed at 2:07 p.m. on March 8, 2006, Det. Hayes reported **only two facts** to suggest the probability that contraband would be found inside the Balfour residence: first, that Lewis had cocaine in his vehicle when arrested immediately after officers observed him exit the house and drive away in the vehicle7; second, an anonymous caller's telephoned tip to the Montgomery Police Department, on May 31, 2005, "that B/M Deandra Lewis was selling narcotics from a residence at 869 Balfour Drive."[7] (Emphasis added)

Defendant's posit that only one (1) fact, the fact that cocaine was found in the vehicle incident to Defendant's arrest could arguable suggest the probability that contraband would be found inside the Balfour Drive residence and that that fact alone is insufficient to find probable cause to search the Balfour Drive residence.

---

[6] MTS at 30.
[7] RMJ at 7; 8.

6

A.    <u>Staleness</u>

The Magistrate Judge did not find that the anonymous caller's tip on 31 May 2005 was not stale.  There is no argument by the Government and no ruling or legal analysis by the Magistrate showing that the information was not stale.  Instead, the Magistrate reasoned that the affidavit supporting the search warrant did not rely on this stale information alone.  The Magistrate barely addresses and the Government failed to address at all Defendant's argument that much of the information provided to the magistrate to show probable cause to search the residence was stale and should not have been considered in the issuing magistrate's determination.

Defendant reiterates that "[t]he police will…encounter problems of 'staleness' of their information if they delay too long in seeking a search warrant." *Sgro* v. *United States,* 287 U. S. 206, 210-211 (1932); See also <u>United States v. Sawyer</u>, 213 F.Supp. 38, 40 (ED Pa.1963).  The facts in an affidavit supporting a search warrant ***<u>must</u>*** be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist *as of the time of the search* and not simply as of some time in the past. <u>Sgro v. United States</u>*,* 287 U. S. 206 (1932). (Emphasis added)

Neither the information provided by the anonymous caller on 31 May 2005 nor the information from a working confidential informant relied upon by Detective Hayes which was received in November or December of 2005 was sufficiently close in time to the issuance of the warrant so that probable cause can be said to exist *as of the time of the search* and not simply as of some time in the past.[8]  In fact, Detective Hayes testified at the suppression hearing that:

> The information — the only information about drugs and a time concern is the fact that he [Lewis] was just observed leaving that residence, you know, moments before the affidavit was written and found to be in possession of drugs immediately after leaving that residence.[9]

Thus, Defendant states that the issue of staleness necessarily must be addressed and requests that the court determine whether the anonymous tip and the information from the confidential informants were stale and further requests that, upon a finding of staleness, this evidence not be considered in determining probable cause.

B.    The Anonymous Source Was Not Reliable

Additionally, there is no discussion at all by the Magistrate in her Recommendation regarding Defendant's argument that the Government has failed to provide any information, evidence or argument to support their contention that the

---

[8] MTS at 62.
[9] MTS at 109.

information provided by the anonymous caller was reliable.  The
anonymous caller contacted Detective Hayes in 31 May 2005, spoke
to him for 3 or 4 minutes and never had contact with her again.[10]

C.    Drug Activity At The Iris Lane Residence Fails To Give
      Rise To Probable Cause To Search The Balfour Drive
      Residence

The Magistrate further reasoned that probable cause was
adequate because, in addition to the anonymous tip on 31 May
2005, Detective Hayes relied on a working confidential informant
for tips on drug activity *at the Iris Lane house* which was
reported in November or December 2005.[11] (Emphasis added.)  The
Government and the Magistrate fail to show how information
regarding drug activity at the Iris Lane residence is sufficient
to suggest the probability that contraband would be found inside
the Balfour residence.

D.    The Record Is Void Of Evidence Showing Drug Activity
      At Balfour Drive

There is absolutely nothing in the record or in the
affidavit supporting the search warrant to indicate that there
was probable cause to believe that illegal drugs were being sold
out of the Balfour Drive residence.  Detective Bartlett
testified at the Suppression Hearing that he did not observe
Defendants either enter or leave the house with any package or

---

[10] MTS at 87.
[11] MTS at 62; RMJ at 11.

9

anything that could possible be illegal drugs or contraband.[12]
Although there were drugs found inside the vehicle during a
search incident to Defendants' arrest, Defendant Lewis was not
in the vehicle alone and there were no drugs found on Defendant
Lewis' person.[13]  There was no indication that the Balfour lane
residence was owned by Defendant Lewis.[14]

## III.  FALSE AND MISLEADING INFORMATION PROVIDED TO THE ISSUING MAGISTRATE

In her Recommendation the Magistrate states that Defendant
Lewis failed to show that Detective Hayes' made any false
statements to the issuing Magistrate and that, assuming *arguendo*
that insufficient probable cause supported the search warrant,
whether officers were entitled to rely in good-faith on its
validity triggers consideration of the United States Supreme
Court's decision in *United States v. Leon,* 468 U.S. 897 (1984).[15]

### A.   Misleading Statements Were Made in Securing the Search Warrant

Defendant Lewis reasserts that the issuing magistrate judge
was misled by information in an affidavit that the affiant knew
was false or would have known was false expect for his reckless
disregard for the truth and that his argument was not

---

[12] MTS at 3; 16; 94.
[13] MTS at 30; 92.
[14] MTS at 32.
[15] RMJ at 12.

sufficiently addressed in the Magistrates Recommendation.  As argued at length in Defendant's Motion to Suppress and Brief in Support thereof, Detective P. B. Hayes indicated that, during a search of Defendant incident to arrest, "a quantity of cocaine was located in the vehicle".[16]  This information was misleading. The affiant did not advise the issuing magistrate that a *small* quantity of cocaine was found in the center console of the vehicle.[17]  Detective Hayes testified at the Suppression Hearing that the two to three grams that was located "wasn't very much… I mean it was a relatively small amount."[18]  Defendants were never even charged with possession of the quantity of cocaine located in the vehicle.  The small quantity of cocaine was significant enough for Detective Hayes to include it in his offense report, but was not present to the magistrate when requesting a search warrant.  This strongly indicates that Detective Hayes mislead the magistrate in order to obtain the search warrant.

Further, the magistrate was not informed and thus, had no idea that prior to appearing before him, officers had no indication that the residence was owned by Lewis' mother[19], did not know

---

[16] MTS at 95 – 97.
[17] Report of Investigation, page 2, paragraph 7 and Supplementary Offense Report, page 2.
[18] MTS at 91.
[19] MTS at 102.

whether Lewis was there that night or early that morning or how often Lewis stayed at that residence or at some other place.[20]

### B.    The Small Amount Of Cocaine Was Significant in The Analysis of Whether Probable Cause Existed

The Magistrate reasoned that Defendant did not provide any law that holds that a small amount of cocaine is not sufficient to give rise to probable cause.  Defendant shows that, the amount of cocaine is the only bit of evidence that suggest a possibility of probable cause to search the Balfour residence and that several cases involve the location of "a quantity" of illegal drugs but, that this small quantity of drugs alone is not sufficient to amount to probable cause.[21]

### C.    False Statements Were Made to the Magistrate Regarding the Source of Information Upon Which Officers Relied

Additionally, contrary to the Magistrates finding, Defendant Lewis positively showed that false information was given to the issuing magistrate regarding the source of officers' information.  The issuing magistrate was advised by Detective Hayes that:

> Probable cause for the search warrant being that, on March 8, 2006 Members of the Montgomery Police Department Special Operations Division established surveillance on the residence at 869 Balfour Drive. The surveillance was established after officers received information from a

---

[20] MTS at 102-103.
[21] See <u>Segrua v. United States</u>, 468 U.S. 796, 810 (1984) and <u>Kirk v. Louisiana</u>, 536 U.S. 635 (2002).

confidential and reliable source, that B/M Deandra Twain
Lewis was living at the residence.

First, this information provided to the magistrate falsely

states that a confidential and reliable source advised that

Lewis was living at the Balfour Drive address.  No confidential

informant ever gave Lewis' address as 869 Balfour Drive.[22]  No

confidential informant ever provided a specific address at all.

Agent Thompson's confidential information advised only of the

description of Defendant Lewis' truck and that Lewis lived in

East Montgomery off Wares Ferry Road.[23]

Only the unreliable anonymous caller advised of a specific

address, and then, she provided information on the Iris Lane

address.  Thus, the information provided by Detective Hayes to

the Magistrate was indeed false.

During his testimony, detective Hayes admitted that this

information presented to the magistrate was not correct, that he

assumed that the information regarding the Balfour Drive address

and the description of Defendant Lewis' truck came from a

confidential informant, but that, in actuality, it was Agent

Thompson who pieced together Defendant's address from at least

two (2) separate database searches.[24]

Special Agent Thompson testified that:

---

[22] MTS at 89.
[23] MTS at 54; 113.
[24] MTS at 53 – 54; 113.

I probably relayed to him that I think he's living at
Balfour Road. I -- it seems like I told Detective Bartlett
that his driver's license listed Balfour Road, because I
was -- I think I made a joke about that's pretty stupid
that we didn't check this first.

Because, prior to Detective Hayes' averments to the issuing

magistrate, Special Agent Thompson mentioned to Detective Hayes

that Lewis' driver's license listed the Balfour Drive address

and specifically mentioned that they should have check for his

driver's license first, Detective Hayes knew or should have

known that the Balfour Drive address came from a database search

of Lewis' driver's license.  Detective Hayes knew or should have

known that the information he provided in the affidavit was

false expect for his reckless disregard for the truth.

D.   The Magistrate Abandoned His Judicial Role When He
     Considered Stale Information

Defendant disagrees with the Magistrate Judge's finding

that "careful analysis of this record…reveals no

factual foundation for declining to accord "great deference" to

Judge Massey's probable cause determination…"[25]  The affidavit

unequivocally states that officers were relying on information

provided on 31 May 2005.  The issuing magistrate abandoned his

judicial role when he considered stale information from an

anonymous and unreliable source to be considered in determining

probable cause to issue a search warrant.  Defendant posits that

---

[25] RMJ at 12.

the issuing magistrate was acting merely as a rubber stamp for
the police.

**IV. Even If Probable Cause Existed, No Exigent Circumstance
Existed To Give Rise To An Exception To The Warrant
Requirement**

The Magistrate Judge failed to address Defendant Lewis'
argument that no exigent circumstances existed to give rise to
an exception to the warrant requirement.  Even if the Magistrate
judge was correct in her determination that probable cause
existed due to stale, inconsistent, inconclusive, inaccurate and
incomplete information from confidential informants and stale
information from an unreliable anonymous tip, the finding of
probable cause is precluded by the government's failure to show
exigent circumstances for the warrantless entry into Defendant's
residence.

A.   There Was No Reasonable, Recognized Exigent
     Circumstance

Recognized situations where exigent circumstances have been
found include: danger of flight or escape; danger of harm to
police officers or the general public; risk of loss,
destruction, removal, or concealment of evidence; and "hot
pursuit" of a fleeing suspect. United States v. Santa, 236 F.3d
662 (11th Cir. 2000).  It is well settled that circumstances are
not normally considered exigent where the suspects are unaware
of police surveillance. United States v. Tobin, 923 F.2d 1506

(11th Cir. 1991)  Here, the Government does not argue that there was a danger of flight or escape, danger of harm to the general public, or that they were in hot pursuit of a fleeing suspect. Although the Government argues that they entered the house to protect against danger to police officers and to protect against risk of loss, destruction, removal, or concealment of evidence, there is no evidence that the defendant was aware of any informant's status or the presence of the Government agents' surveillance.  Further, as argued above, there is no evidence suggesting or probable cause that there were any other persons in the house or that, if someone was in the house, that they were aware of Defendant's arrest which occurred some two (2) miles down the road.  Officers had no reason to believe that evidence was being destroyed.  Thus, no exigent circumstance existed.

In Kirk v. Louisiana, 536 U.S. 635 (2002), the United States Supreme Court reversed the district and appellate courts' judgment upholding a warrantless entry into the defendant's home and admitting the evidence located in the defendant's residence. Kirk v. Louisiana is directly on point to the instant case. There, officers received an anonymous tip that there was drug activity occurring at the defendant's residence.  Officers set up surveillance and observed what appeared to be several drug

transactions.  Officers stopped one of the buyers on the street outside of the apartment and found illegal drugs.  Because the stop took place within one (1) block of the residence, they allegedly feared that evidence would be destroyed and entered and searched the residence to ensure no evidence was being destroyed.  Contraband was in plain view in the apartment. Officers then waited for a search warrant to issue before they searched and seized any other contraband.

The United States Supreme Court held that the lack of a finding that exigent circumstances existed precluded any finding that the warrantless entry into the defendant's residence was constitutional.  The Court further held that, even "probable cause to arrest the defendant was insufficient by itself to justify crossing the firm line at the entrance to the [defendant's] residence without a warrant.  Under the Federal Constitution's Fourth Amendment, police officers need either a warrant, or probable cause ***plus*** exigent circumstances, in order to make a lawful entry into a home." (emphasis added.) Id.

Here, like in Kirk v. Louisiana, officers received an anonymous tip regarding drug activity, surveillance Defendant's residence, initiate a stop outside the residence, located illegal drugs and entered the residence without a warrant allegedly to prevent the destruction of evidence.  In Kirk v.

Louisiana, even with a recent anonymous tip, surveillance revealing several drug transactions, a stop initiated within one block from the residence, the location of illegal drugs on the person of the detainee, probable cause and the claim that entry into the residence was for the purposes of preserving or preventing the destruction of evidence, the U. S. Supreme Court held that there was no sufficient exigent circumstance to overcome the warrant requirement.

Here, the information provided by the confidential informants was stale; the anonymous tip was from an unreliable source and was also stale; the information did not specifically identify the Balfour Drive address; surveillance of the residence did not reveal any drug activity whatsoever; and, the stop was initiated two miles away from the residence. Although, like in Kirk v. Louisiana, a quantity of illegal drugs was located and officers allegedly entered the residence without a warrant to preserve and prevent the destruction of evidence, there is no evidence that exigent circumstances existed to overcome the warrant exception. Thus, even if this Court agrees with the Magistrate's Recommendation and finds that probable cause exists, consistent with Kirk v. Louisiana[26], there is no

---

[26] The Eleventh Circuit has followed the U. S. Supreme Court's ruling in Kirk v. Louisiana in United States v. Hernandez, 214 F. Supp. 2d 1344 (2002).

exigent circumstance and precludes the finding that the
warrantless entry into the home was constitutional.

**V.    CONCLUSION**

The Magistrate's Recommendation fails to address some and
only briefly or incompletely address other significant arguments
advanced by Defendant.  Defendant strenuously objects to the
Magistrate's Recommendation and, for the reasons discussed
above, reasserts that the initial entry into Defendant's
residence and any limited security check or warrantless search
was illegal and unconstitutional; there was no probable cause to
issue a search warrant for the Balfour Drive residence; there
was no exigent circumstance giving rise to an exception to the
warrant requirement; the information supporting the issuance of
the search warrant was insufficient and stale; the magistrate
abandoned his judicial role when he erroneously considered stale
information in determining probable cause to issue the warrant;
and the affidavit supporting the search warrant contained
misleading and false information intended to bolster the state's
contention of probable cause and Defendant's Motion to Suppress
should be granted.


[SIGNATURE PAGE FOLLOWS]

This 2nd day of August 2006.

<div style="margin-left: 50%;">

Respectfully submitted,

Axam & Adams, P.A.


Tony L. Axam/S/
Tony L. Axam

</div>

1280 West Peachtree Street
Suite 310
Atlanta, Georgia 30309
(404) 524-2233
(404) 897-1376 facsimile

## CERTIFICATE OF SERVICE

This is to certify that I have on this 2nd day of August 2006 served the Government in the above styled case with a copy of the foregoing Defendant Deandra Twain Lewis' Objections to the Report and Recommendation of the Magistrate Judge via ECF/pacer to ensure delivery to the following:

<div align="center">

A. Clark Morris
Assistant United States Attorney
P. O. Drawer 197
Montgomery, Alabama 36101-0197

</div>

<div align="center">

Tony L. Axam/S/
Tony L. Axam

</div>